968 F.2d 22
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald P. TRANCOSA, Defendant-Appellant.
 No. 91-2052.
 United States Court of Appeals, Tenth Circuit.
 June 10, 1992.
 
 Before STEPHEN H. ANDERSON and EBEL, Circuit Judges, and SAFFELS,* District Judge.
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 Defendant Gerald Trancosa appeals from his conviction after jury trial on charges of Second Degree Murder on an Indian Reservation in violation of 18 U.S.C. § 1153 and 18 U.S.C. § 1111, and 18 U.S.C. § 2. Defendant was sentenced to serve a term of imprisonment of 135 months.
 
 
 2
 On this direct appeal, the defendant raises four issues: Did the court err in allowing the introduction of photographs of the victim? Did the court err in refusing to allow the defendant to show the jury a cigarette burn that he allegedly had received from the victim in an earlier encounter? Did the court err in refusing to allow the defendant to testify as to an out-of-court statement allegedly made by an accomplice Leon Chavez, to the effect that the victim would not quit fighting? Did the court err in refusing to allow the defendant credit for acceptance of responsibility pursuant to the Sentencing Guidelines? We answer each of these questions in the negative, and accordingly we affirm the judgment and sentence below.
 
 
 3
 The autopsy photographs, although unpleasant, are not excessively gruesome or inflammatory. They corroborate a schematic drawing of the wounds received by the victim and to support the government's theory that the victim's death was caused by blows to his head. We review the district court's decision to admit such photographs under an abuse of discretion standard. United States v. Soundingsides, 820 F.2d 1232, 1242-1243 (10th Cir.1987). Here, we cannot say that the district court abused its discretion in admitting these photographs for the purposes noted above.
 
 
 4
 The district court refused to allow the defendant physically to show the jury a cigarette burn that he allegedly received from the victim during an earlier encounter. The burn was apparently incurred during an earlier event in which the defendant, the victim, and others, got drunk and burned each other with cigarettes to see how tough they were. Notwithstanding that the court refused to allow the defendant to show the jury the cigarette burn, it did allow the defendant to testify about that event. We review this evidentiary ruling under an abuse of discretion standard. Cf. United States v. Cuch, 842 F.2d 1173, 1175 (10th Cir.1988) (evidence of prior acts may, at discretion of court, be admissible to show intent of actor). This evidence was both cumulative and irrelevant. The court properly excluded it under Fed.R.Evid. 402 and 403.
 
 
 5
 The district court refused to allow the defendant to testify about an out-of-court statement made by Leon Chavez, who was allegedly a participant in the murder. The defendant wanted to testify that Leon Chavez had told him that the victim had "refused to quit fighting." Leon Chavez was unavailable to testify at the trial because he was asserting his Fifth Amendment rights. Although the defendant recognizes that this testimony would be hearsay, he sought to have it introduced under the hearsay exceptions found in Fed.R.Evid. 804(b)(3) and 804(b)(5). We agree with the district court that this testimony was not admissible under either of those exceptions. With regard to Fed.R.Evid. 804(b)(3), the asserted statement was not against the penal interests of the declarant. If anything, it was exculpatory to Leon Chavez. Furthermore, there was no corroborating evidence to support the trustworthiness of the statement. Thus, it was properly excluded. Chambers v. Mississippi, 410 U.S. 284, 300-301 (1973). Nor is the statement admissible under Fed.R.Evid. 804(b)(5). The alleged statement by Mr. Chavez apparently occurred more than two months after the murder while Mr. Chavez was being detained in an alcohol rehabilitation center. It was, apparently, contrary to physical evidence that the victim was beaten after he was no longer able to defend himself. The ambiguity of the statement, its exculpatory nature for the declarant, and the circumstances surrounding the alleged statement all convince us that it was not properly admitted under Fed.R.Evid. 804(b)(5).
 
 
 6
 Finally, the defendant asserts that the district court erred in denying him a two-level reduction in his sentence for accepting responsibility pursuant to U.S.S.G. § 3E1.1. Although the defendant did admit to participating in the murder, he did not acknowledge the details that revealed the wantonness and deliberateness of the murder. The district court concluded "I have seen--nothing has been presented to the Court which convinces this Court that this defendant has accepted responsibility." Based upon the record, we cannot conclude that that finding was clearly erroneous. See United States v. Spedalieri, 910 F.2d 707, 712 (10th Cir.1990).
 
 
 7
 Accordingly, we AFFIRM the judgment and sentence entered below.
 
 
 
 *
 Honorable Dale E. Saffels, United States Senior District Judge, District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3